Michael Jason Lee, Esq., SBN: 206110
*michael@mjllaw.com*
LAW OFFICES OF MICHAEL JASON LEE, APLC
4660 La Jolla Village Drive, Suite 100
San Diego, California 92122
(858)550-9984

Janelle M. Dease, Esq., SBN: 226198
*jdease@borchardlaw.com*
BORCHARD & CALLAHAN, APC
25909 Pala, Suite 300
Mission Viejo, California 92691
(949) 457-9505

Attorneys for Plaintiff
RPB SA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| RPB SA,<br><br>　　　　　*Plaintiff,*<br><br>　　v.<br><br>HYLA, INC., et al.,<br><br>　　　　　*Defendants.* | Case No. 2:20-cv-04105 JAK (SKx)<br><br>**REQUEST FOR JUDICIAL NOTICE**<br><br>**Hearing:**<br>Date:　September 21, 2020<br>Time:　8:30 a.m.<br>Location:　First Street Courthouse, 350 W. First Street, Courtroom 10B, Los Angeles, CA 90012 |

　　　　Plaintiff RPB SA, by and through its undersigned attorney of record, hereby requests the Court to take judicial notice pursuant to Fed. R. Civ. P. 201 of the following facts:

1

1.      RPB SA filed a Statement of Claim against Jingting Textile Trading Limited, among other defendants, on April 9, 2020 in the action of RPB SA v. Xinwangyi Trade Limited, *et al.* in the High Court of the Hong Kong Special Administrative Region Court of First Instance, Action 150 of 2020, a true and correct copy of which is attached hereto as <u>Exhibit V</u>, certified by Apostille;

2.      A Final Judgment was entered against Hong Kong HRJ Trade Limited on July 2, 2020 in the action of RPB SA v. Hong Kong HRJ Trade Limited in the High Court of the Hong Kong Special Administrative Region Court of First Instance, Action 57 of 2020, a true and correct copy of which is attached hereto as <u>Exhibit W</u>, certified by Apostille;

3.      A Final Judgment was entered against Jingting Textile Trading Limited, among other defendants, on August 27, 2020 in the action of RPB SA v. Xinwangyi Trade Limited, *et al.* In the High Court of the Hong Kong Special Administrative Region Court of First Instance, Action 150 of 2020, a true and correct copy of which is attached hereto as <u>Exhibit X</u>, certified by Apostille;

4.      The United States and the People's Republic of China (namely, SAR of Hong Kong by continuation of extension of application by the United Kingdom and Portugal) are parties to the *Convention of 5 October 1961 Abolishing the Requirement of Legalisation for Foreign Public Documents* (Hague Conference 1961 Apostille Convention). *See* https://www.hcch.net/en/instruments/conventions/status-table/?cid=41; https://www.hcch.net/en/states/hcch-members/details1/?sid=30.

Dated:  10/14/2020

/s/ Janelle M. Dease
_____
Janelle M. Dease, Esq.
BORCHARD & CALLAHAN, APC
Attorney for Plaintiff RPB SA

EXHIBIT V

HCA 150 / 2020

### IN THE HIGH COURT OF THE
### HONG KONG SPECIAL ADMINISTRATIVE REGION
### COURT OF FIRST INSTANCE
### ACTION NO. 150 OF 2020

BETWEEN

|  |  |
|---|---|
| RPB SA | Plaintiff |
| (a company incorporated in accordance with the laws of Argentina) | |

and

| | |
|---|---|
| XINWANGYI TRADE LIMITED | 1st Defendant |
| JINGTING TEXTILE TRADING LIMITED | 2nd Defendant |
| ZHANG JUAN | 3rd Defendant |
| AG INTERPACIFIC RESOURCES LIMITED | 4th Defendant |
| DAYE INTERNATIONAL TRADING CO., LIMITED | 5th Defendant |
| LI JING | 6th Defendant |
| FELS TRADE LIMITED | 7th Defendant |
| DHUAI TRADE LIMITED | 8th Defendant |
| WEIDE INDUSTRIAL (HONG KONG) CO., LIMITED | 9th Defendant |
| YU CHEN | 10th Defendant |
| LOYALTY TRADING COMPANY LIMITED | 11th Defendant |
| WEI SHUAI | 12th Defendant |
| XINX INDUSTRIAL LIMITED | 13th Defendant |
| DAHUA TECHNOLOGY (HK) LIMITED | 14th Defendant |
| CHINA GOLD CAPITAL RESOURCES LIMITED | 15th Defendant |
| HONGYIDA TRADE LIMITED | 16th Defendant |
| XIANGXIN INTERNATIONAL TRADING LIMITED | 17th Defendant |
| LIU GUISHAN | 18th Defendant |
| TIN LOONG TELECOM COMPANY LIMITED | 19th Defendant |

### STATEMENT OF CLAIM

**Parties**

1.  At all material times, the Plaintiff ("**RPB**") was and is a company incorporated in 1959 in accordance with the laws of Argentina and is based in the city of San José de Gualeguaychú, Entre Ríos, Argentina. The company specialises in the production and commercialisation of wines, juices and fruit based drinks, water and dairy products. At all material times, Mr Juan Alejandro Baggio ("**Mr Baggio**") was the President of the Board of Directors of the Plaintiff.

*This Apostille only certifies the authenticity of the signature and the capacity of the person who has signed the public document, and, where appropriate, the identity of the seal or stamp which the public document bears. This Apostille does not certify the content of the document for which it was issued. To verify the issuance of this Apostille, see "https://www.judiciary.hk/en/court_services_facilities/apostille_verification.html"*

此項文件加簽僅就公共文件上簽署的真確性、簽署人的身分及，如適用的話，文件上的蓋章蓋印予以證明。此項文件加簽並不就文件的內容作出證明。就簽出此文件加簽之查證，見 "https://www.judiciary.hk/zh/court_services_facilities/apostille_verification.html"

| APOSTILLE | |
|---|---|
| (Convention de La Haye du 5 octobre 1961) | |
| 1. Country:<br>國家/地區 | Hong Kong, China<br>中國香港 |
| This public document<br>此公共文件 | |
| 2. has been signed by<br>簽署人為 | Kwang Simon<br>鄺卓宏 |
| 3. acting in the capacity of<br>其行事的身分為 | Registrar, High Court<br>高等法院司法常務官 |
| 4. bears the seal / stamp of<br><br>蓋有的蓋章/蓋印 | The High Court Hong Kong<br><br>香港高等法院 |
| Certified<br>加簽證明 | |

| 5. at<br>在 | High Court<br>高等法院 | 6. the<br>於 | 12 OCT 2020<br>2020 年 10 月 12 日 |
|---|---|---|---|
| 7. by<br><br>由 | Simon KWANG<br>Registrar, High Court<br>鄺卓宏<br>高等法院司法常務官 | | |
| 8. No<br>編號 | 43650 / 2020 | | |
| 9. Seal / stamp:<br>蓋章/蓋印 | | 10. Signature:<br>簽署 | |

Reference Code 參考編號: 4D15D7B3

2. As to the Defendants:-

2.1 The 1st Defendant, Xinwangyi Trade Limited, was and is a company registered in Hong Kong and was incorporated on 12th December 2018. Its sole director is Che, Yanfeng, who is a Chinese national. Its shareholders are Guo, Senlong and Bohai Intellectual Property Right Hongkong Co., Limited.

2.2 The 2nd Defendant, Jingting Textile Trading Limited, was and is a company registered in Hong Kong and was incorporated on 28th September 2018. Its sole director is Lang, Jingting, who is a Chinese national. Its sole shareholder is Lang, Jingting.

2.3 The 3rd Defendant, Zhang Juan, is a private individual and Chinese national with an address in Jiangsu Province, China.

2.4 The 4th Defendant, AG Interpacific Resources Limited, is not registered as a company in Hong Kong. A business registration certificate establishes that the 4th Defendant has an address in Kwai Chung, New Territories, Hong Kong, the nature of business is representative office and the status is body corporate.

2.5 The 5th Defendant, Daye International Trading Co., Limited, was and is a company registered in Hong Kong and was incorporated on 23rd January 2014. Its sole director is Wang, Daye, who is a Chinese national. Its sole shareholder is Wang Da Ye.

2.6 The 6th Defendant, Li Jing, is a private individual and Chinese national with an address in Wuhan, China.

2.7 The 7th Defendant, Fels Trade Limited, was and is a company registered in Hong Kong and was incorporated on 30th January 2018. Its sole director is Chen, Manxiong, who is a Chinese national. Its sole shareholder is Chen, Manxiong.

2.8 The 8th Defendant, Dhuai Trade Limited, was and is a company registered in Hong Kong and was incorporated on 21st August 2018. Its sole director is Zhou, Han Ming, who is a Chinese national. Its sole shareholder is Zhou, Han Ming.

2.9     The 9th Defendant, Weide Industrial (Hong Kong) Co., Limited, was and is a
        company registered in Hong Kong and was incorporated on 19th September 2019.
        Its sole director is Liu, Ruipeng, who is a Chinese national. Its sole shareholder is
        Liu, Ruipeng.

2.10    The 10th Defendant, Yu Chen, is a private individual and Chinese national with an
        address in Shanghai, China.

2.11    The 11th Defendant, Loyalty Trading Company Limited, was and is a company
        registered in Hong Kong and was incorporated on 8th February 2019. Its sole
        director is Sung, Tsz Hin, who is a Hong Kong resident. Its sole shareholder is Sung
        Tsz Hin.

2.12    The 12th Defendant, Wei Shuai, is a private individual and Chinese national with
        an address in Shandong Province, China.

2.13    The 13th Defendant, Xinx Industrial Limited, was and is a company registered in
        Hong Kong and was incorporated on 16th April 2019. Its sole director is Zhang,
        Kunpeng, who is a Chinese national. Its sole shareholder is Zhang Kunpeng.

2.14    The 14th Defendant, Dahua Technology (HK) Limited, was and is a company
        registered in Hong Kong and was incorporated on 2nd June 2011. Its directors are
        Chen, Haiyong and Chen, Jianfeng, who are Chinese nationals. Its sole shareholder
        is Zhejiang Dahua Technology Co., Ltd.

2.15    The 15th Defendant, China Gold Capital Resources Limited, was and is a company
        registered in Hong Kong and was incorporated on 1st September 2016. Its directors
        are Chou, Wei Kun, who is a Chinese national and Xu, Chu Peng. Its shareholders
        are Xu Chupeng and Chou, Wei-kun.

2.16    The 16th Defendant, Hongyida Trade Limited, was and is a company registered in
        Hong Kong and was incorporated on 14th August 2019. Its sole director is Gao,
        Yiting, who is Chinese national. Its sole shareholder is Gao, Yiting.

2.17    The 17th Defendant, Xiangxin International Trading Limited, was and is a company
        registered in Hong Kong and was incorporated on 22nd July 2016. Its sole director
        is Lin, Jiansheng, who is a Chinese national. Its sole shareholder is Lin, Jiansheng.

2.18   The 18th Defendant, Liu Guishan, is a private individual and Chinese national with an address in Jiangsu Province, China.

2.19   The 19th Defendant, Tin Loong Telecom Company Limited, was and is a company registered in Hong Kong and was incorporated on 18th March 2015. Its directors are Hong, Ying Jun and Lin, Wendi, who is a Chinese national. Its sole shareholder is Lin, Wendi.

**The Fraud on the Plaintiff**

3.   During the period between 4th and 19th December 2019, persons unknown (the "**Impersonators**") compromised the Plaintiff's email communication systems and sent a series of fake emails (the "**Fake Emails**") to Ms Diana Veronesi ("**Ms Veronesi**") from the Plaintiff's finance department identifying himself as the Plaintiff's President, Mr Baggio. The Impersonators used the Fake Emails to persuade Ms Veronesi that she should make certain payments on behalf of the Plaintiff to Hong Kong HRJ Trade Limited ("**HRJ Trade**").

4.   The Plaintiff subsequently learned that the Fake Emails were a part of a sophisticated fraud. Ms Veronesi made each of the payments to HRJ Trade in accordance with the instructions given in the Fake Emails.

5.   The matters set out in paragraphs 3 and 4 above were discovered on or about 2nd January 2020 when Mr Baggio was contacted by the Banco Santander Rio of Concepción del Uruguay concerning the payments to an account maintained with Standard Chartered Bank (Hong Kong) Limited ("**SCB**") in Hong Kong in the name of HRJ Trade (the "**HRJ Trade Account**") and the Plaintiff realised that large sums of money had been transferred to HRJ Trade in Hong Kong as a result of the fraud.

**The First Level Payments**

6.   The Plaintiff made the following payments to the HRJ Trade Account:-

**Particulars**

| Payment | Date | Paid By | Sum (US$) | Recipient |
|---|---|---|---|---|
| 1 | 9th December 2019 | The Plaintiff | 487,081.00 | HRJ Trade |
| 2 | 9th December 2019 | The Plaintiff | 495,670.00 | HRJ Trade |
| 3 | 11th December 2019 | The Plaintiff | 988,756.00 | HRJ Trade |
| 4 | 12th December 2019 | The Plaintiff | 969,763.00 | HRJ Trade |
| 5 | 13th December 2019 | The Plaintiff | 916,807.00 | HRJ Trade |
| 6 | 16th December 2019 | The Plaintiff | 988,636.00 | HRJ Trade |
| 7 | 17th December 2019 | The Plaintiff | 990,655.00 | HRJ Trade |
| 8 | 18th December 2019 | The Plaintiff | 985,864.00 | HRJ Trade |
| | **Total:** | | **6,823,232.00** | (the "**Stolen Monies**") |

7.   The transfers to the HRJ Trade Account were made only because of the deception described at paragraphs 3 and 4 above. Had there not been such deception and/or mistake as to the author of the Fake Emails, the Plaintiff would not have transferred any monies to the HRJ Trade Account, as particularised at paragraph 6 above, or at all.

8.   The Plaintiff received no consideration for its payments to the HRJ Trade Account and is not aware of any reason why HRJ Trade should be allowed to hold or retain any of the payments. At the time of the first payment from the Plaintiff to the HRJ Trade Account on 9th December 2019, the balance of the HRJ Trade Account was *de minimus* (US$361.81), and the only monies paid into the HRJ Trade Account from the date of the first payment on 9th December 2019 to the date of the last payment on 18th December 2019 were sourced from the Plaintiff. It follows therefore that the Plaintiff asserts a proprietary claim against all of the monies that it has paid to the HRJ Trade Account and all of the monies paid from the HRJ Trade Account.

9.   As at the date of this Statement of Claim, HRJ Trade has failed to return any of the Stolen Monies to the Plaintiff.

**The Second Level Payments**

10.   Save for the sum of US$6,423.55 remaining in the HRJ Trade Account after the final payment on 18th December 2019, HRJ Trade caused and/or otherwise permitted dissipation and/or payment of US$6,817,041.49 of the Stolen Monies from the HRJ Trade Account to nineteen second level recipient accounts (the "**Second Level Recipient**

**Accounts**") maintained by the 1st to 19th Defendants (the "**Defendants**") in Hong Kong with Bank of China (Hong Kong) Limited ("**BOC**") and Standard Chartered Bank (Hong Kong) Limited ("**SCB**") as follows:-

<strong>Particulars</strong>

| Defendant | Bank | Bank Account Number | Received Sum (US$) |
|:---:|:---:|:---:|:---:|
| D1 | SCB | 41510678341 | 613,033.00 |
| D2 | SCB | 57411430235 | 1,857,000.00 |
| D3 | BOC | 1287520403948 | 200,000.00 |
| D4 | SCB | 57411450805 | 824,778.00 |
| D5 | SCB | 57411681394 | 153,000.00 |
| D6 | SCB | 25782934771 | 105,000.00 |
| D7 | SCB | 41500505967 | 550,000.00 |
| D8 | SCB | 57411495116 | 880,010.00 |
| D9 | SCB | 41500508648 | 440,000.00 |
| D10 | SCB | 25784477651 | 50,000.00 |
| D11 | SCB | 40711342288 | 198,020.00 |
| D12 | SCB | 46889019011 | 86,000.00 |
| D13 | SCB | 41510675806 | 100,000.00 |
| D14 | SCB | 44717912739 | 76,000.00 |
| D15 | SCB | 36811490684 | 128,030.49 |
| D16 | SCB | 57411494594 | 135,370.00 |
| D17 | SCB | 36811461196 | 100,000.00 |
| D18 | SCB | 25783864261 | 100,000.00 |
| D19 | SCB | 41510614882 | 220,800.00 |
| | | **Total:** | **6,817,041.49** |

11.   As at the date of this Statement of Claim, the Defendants have failed to return any of the Stolen Monies to the Plaintiff.

12.   Each of the Defendants has received from HRJ Trade funds demonstrably misappropriated from The Plaintiff. The funds were transferred without the knowledge or authority of the Plaintiff and the Plaintiff has received no consideration for the value transferred. The Plaintiff repeats paragraph 8 above and asserts a proprietary claim against all of the monies paid to the Defendants.

13.   Each of the onward payments was had and received by the Defendants, as particularised in paragraph 10 above, and the Plaintiff is entitled to restitution of the same (and all traceable monies, properties or assets derived thereafter, together with such interest and/or profits as may have or shall have been earned thereon).

### Particulars of Proprietary Restitutionary Claim

13.1   The Stolen Monies were, prior to their transfer to HRJ Trade, the undisputed property of the Plaintiff.

13.2   The Plaintiff did not part with its proprietary rights to the Stolen Monies and they remain the property of the Plaintiff after their transfer to HRJ Trade.

13.3   The proprietary rights of the Plaintiff could and can be traced into the Second Level Recipient Accounts held by the Defendants. The Plaintiff repeats paragraph 8 above.

13.4   The Plaintiff has suffered loss and damages and each of the Defendants is accountable to the Plaintiff as a constructive trustee of the Stolen Monies paid to their respective bank accounts by HRJ Trade (as particularised in paragraph 10 above) and/or parts thereof.

14.   Further and/or alternatively, by reason of the matters set out above, each of the Defendants has been unjustly enriched at the expense of the Plaintiff by virtue of their receipt and retention of that part of the Stolen Monies paid to their respective bank accounts (as particularised in paragraph 10 above) and it would be unconscionable for the Defendants to retain such enrichment. The Plaintiff claims restitution and/or equitable compensation for its loss.

**Interest**

15.   The Plaintiff claims and is entitled to interest (including compound interest) on each of the payments received by the Defendants from the date it was paid pursuant to sections 48 and 49 of the High Court Ordinance (Cap. 4) (the "**Ordinance**") until repayment or in

the alternative, interest at such rate and for such period as this Honourable Court may consider appropriate in the exercise of its equitable jurisdiction.

**And the Plaintiff claims against the Defendants:-**

(1)   Against each of the Defendants, damages in the sums they each received as particularised in paragraph 10 above (the "**Respective Specified Sums**");

(2)   Alternatively, damages against the Defendants to be assessed;

(3)   In addition and in the alternative, a declaration that the Defendants hold the Respective Specified Sums as trustees for the Plaintiff;

(4)   An order that the Defendants do pay the Respective Specified Sums to the Plaintiff;

(5)   Alternatively, an order that the Defendants account as constructive trustees to the Plaintiff in respect of the Respective Specified Sums and an order that the Defendants do pay to the Plaintiff all sums found to be due on the taking of such account;

(6)   Alternatively, an order that the Defendants pay to the Plaintiff sums to be assessed as equitable compensation;

(7)   A declaration that the Defendants hold any sums of money or assets derived from the Respective Specified Sums or any part thereof on trust for the Plaintiff and an order that the Defendants transfer any such sums or assets as have been derived from the Respective Specified Sums;

(8)   All necessary consequential or further accounts, inquiries or orders;

(9)   An order that the Defendants account for and pay to the Plaintiff interest on all sums received by each of them from the date of receipt of each of the Respective Specified Sums pursuant to sections 48 and 49 of the Ordinance until repayment, alternatively at such rate and for such period as this Honourable Court may consider appropriate;

(10)   Costs; and

(11)   Further or other relief.

Dated the 14th day of April 2020

**Tanner De Witt**
Solicitors for the Plaintiff

## Endorsement of Service

I did on Tuesday, 14th day of April 2020, serve a copy of the Statement of Claim of the Plaintiff in this action by posting the same by ordinary post to Xinwangyi Trade Limited, at Room B10, 13/F., Block 1, Yip Fat Factory Building, No. 77 Hoi Yuen Road, Kwun Tong, Kowloon, Hong Kong, of the 1st Defendant.

I also did on Tuesday, 14th day of April 2020, serve a copy of the Statement of Claim of the Plaintiff in this action by posting the same by ordinary post to Jingting Textile Trading Limited, at 香港新界屯門震環路 3 號德榮工業大廈 7 樓 D 座 7022 室, of the 2nd Defendant.

I also did on Tuesday, 14th day of April 2020, serve a copy of the Statement of Claim of the Plaintiff in this action by posting the same by ordinary post to Li, Kwok & Law, at Room 403, 4th Floor, Wing On House, No. 71 Des Voeux Road Central, Hong Kong, Solicitors for the 4th and 19th Defendants.

I also did on Tuesday, 14th day of April 2020, serve a copy of the Statement of Claim of the Plaintiff in this action by posting the same by ordinary post to Daye International Trading Co., Limited, at 香港九龍觀塘創業街 36 號華基中心 704 室, of the 5th Defendant.

I also did on Tuesday, 14th day of April 2020, serve a copy of the Statement of Claim of the Plaintiff in this action by posting the same by ordinary post to Fels Trade Limited, at Workshop 60, 3/F, Block A, East Sun Industrial Centre, No.16 Shing Yip Street, Kowloon, Hong Kong, of the 7th Defendant.

I also did on Tuesday, 14th day of April 2020, serve a copy of the Statement of Claim of the Plaintiff in this action by posting the same by ordinary post to K. T. Lo & Co., at Unit 2109-10, Dominion Centre, 43-59 Queen's Road East, Wanchai, Hong Kong, Solicitors for the 8th Defendant

I also did on Tuesday, 14th day of April 2020, serve a copy of the Statement of Claim of the Plaintiff in this action by posting the same by ordinary post to Weide Industrial (Hong Kong) Co., Limited, at Room B10, 13/F., Block 1, Yip Fat Factory Building, No. 77 Hoi Yuen Road, Kwun Tong, Kowloon, Hong Kong, of the 9th Defendant.

I also did on Tuesday, 14th day of April 2020, serve a copy of the Statement of Claim of the Plaintiff in this action by posting the same by ordinary post to KCL & Partners, at 3/F., So Hong Commercial Building, 41-47 Jervois Street, Sheung Wan, Hong Kong, Solicitors for the 11th Defendant

I also did on Tuesday, 14th day of April 2020, serve a copy of the Statement of Claim of the Plaintiff in this action by posting the same by ordinary post to Xinx Industrial Limited, at Unit 5, 27/F., Richmond Commercial Building, 109 Argyle Street, Mongkok, Kowloon, Hong Kong, of the 13th Defendant.

I also did on Tuesday, 14th day of April 2020, serve a copy of the Statement of Claim of the Plaintiff in this action by posting the same by ordinary post to Dahua Technology (HK) Limited, at 13/F, Gloucester Tower, The Landmark, 15 Queen's Road Central, Central, Hong Kong, of the 14th Defendant.

I also did on Tuesday, 14th day of April 2020, serve a copy of the Statement of Claim of the Plaintiff in this action by posting the same by ordinary post to Hongyida Trade Limited, at Unit 8, 11/F., Guardforce Centre, No. 3 Hok Yuen Street East, Hung Hom, Kowloon, Hong Kong, of the 16th Defendant.

I also did on Tuesday, 14th day of April 2020, serve a copy of the Statement of Claim of the Plaintiff in this action by posting the same by ordinary post to Xiangxin International Trading Limited, at Room 604, 6/F., Easey Commercial Building, Nos. 253-261 Hennessy Road, Wanchai, Hong Kong, of the 17th Defendant.

Dated the 14 April 2020

W. H. Wong
Clerk to Messrs. Tanner De Witt

HCA 150 / 2020

**IN THE HIGH COURT OF THE**
**HONG KONG SPECIAL ADMINISTRATIVE REGION**
**COURT OF FIRST INSTANCE**
**ACTION NO. 150 OF 2020**

BETWEEN

RPB SA                                                            Plaintiff
(a company incorporated in accordance
with the laws of Argentina)

and

| | |
|---|---|
| XINWANGYI TRADE LIMITED | 1st Defendant |
| JINGTING TEXTILE TRADING LIMITED | 2nd Defendant |
| ZHANG JUAN | 3rd Defendant |
| AG INTERPACIFIC RESOURCES LIMITED | 4th Defendant |
| DAYE INTERNATIONAL TRADING CO., LIMITED | 5th Defendant |
| LI JING | 6th Defendant |
| FELS TRADE LIMITED | 7th Defendant |
| DHUAI TRADE LIMITED | 8th Defendant |
| WEIDE INDUSTRIAL (HONG KONG) CO., LIMITED | 9th Defendant |
| YU CHEN | 10th Defendant |
| LOYALTY TRADING COMPANY LIMITED | 11th Defendant |
| WEI SHUAI | 12th Defendant |
| XINX INDUSTRIAL LIMITED | 13th Defendant |
| DAHUA TECHNOLOGY (HK) LIMITED | 14th Defendant |
| CHINA GOLD CAPITAL RESOURCES LIMITED | 15th Defendant |
| HONGYIDA TRADE LIMITED | 16th Defendant |
| XIANGXIN INTERNATIONAL TRADING LIMITED | 17th Defendant |
| LIU GUISHAN | 18th Defendant |
| TIN LOONG TELECOM COMPANY LIMITED | 19th Defendant |

**STATEMENT OF CLAIM**

Dated the 14th day of April 2020

Filed on the   6th  day of   May   2020

**Tanner De Witt**
Solicitors for the Plaintiff
17th Floor, Tower One
Lippo Centre
89 Queensway
Hong Kong

Tel: 2573 5000
Fax: 2802 3553

Ref: 2000002/JHL

2000002_234

EXHIBIT W

HCA 57 / 2020

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
COURT OF FIRST INSTANCE
ACTION NO. 57 OF 2020

_____

BETWEEN

RPB SA                 Plaintiff
(a company incorporated in accordance with the laws of Argentina)

and

HONG KONG HRJ TRADE LIMITED      Defendant

_____

**FINAL JUDGMENT**

**The 22ⁿᵈ day of June 2020**

No notice of intention to defend having been given by the Defendant herein, and the Plaintiff having abandoned its claims against the Defendant as sought in paragraphs (2), (3), (5), (6), (7), (8), (9), (10), (11) (save the payment of interest) and (13) of the prayers against the Defendant to the Amended Indorsement of Claim, IT IS THIS DAY ADJUDGED that:-

1.     The Defendant do pay the Plaintiff the sum of USD6,823,232.00 (or its Hong Kong dollars equivalent at the time of payment) together with the interest thereon at the rate of 8.084% per annum from 13 January 2020 to 31 March 2020 and at the rate of 8.000% per annum from 1 April 2020 to the date hereof and thereafter at judgment rate until payment; and

2.     HK$11,045.00 fixed costs.

Registrar

Certified true copy

S. Kwang
Registrar, H. C.
- 8 OCT 2020

*This Apostille only certifies the authenticity of the signature and the capacity of the person who has signed the public document, and, where appropriate, the identity of the seal or stamp which the public document bears. This Apostille does not certify the content of the document for which it was issued. To verify the issuance of this Apostille, see "https://www.judiciary.hk/en/court_services_facilities/apostille_verification.html"*

此項文件加簽僅就公共文件上簽署的真確性、簽署人的身分及，如適用的話，文件上的蓋章蓋印予以證明。此項文件加簽並不就文件的內容作出證明。欲查出此文件加簽之查證，見 "https://www.judiciary.hk/zh/court_services_facilities/apostille_verification.html"

| APOSTILLE | |
|---|---|
| (Convention de La Haye du 5 octobre 1961) | |
| 1. Country:<br>國家/地區 | Hong Kong, China<br>中國香港 |
| This public document<br>此公共文件 | |
| 2. has been signed by<br>簽署人為 | Kwang Simon<br>鄺卓宏 |
| 3. acting in the capacity of<br>其行事的身分為 | Registrar, High Court<br>高等法院司法常務官 |
| 4. bears the seal / stamp of<br>蓋有的蓋章/蓋印 | The High Court Hong Kong<br>香港高等法院 |
| Certified<br>加簽證明 | |
| 5. at<br>在 | High Court<br>高等法院 | 6. the<br>於 | 12 OCT 2020<br>2020 年 10 月 12 日 |
| 7. by<br>由 | Simon KWANG<br>Registrar, High Court<br>鄺卓宏<br>高等法院司法常務官 | | |
| 8. No<br>編號 | 43648 / 2020 | | |
| 9. Seal / stamp:<br>蓋章/蓋印 | | 10. Signature:<br>簽署 | |

Reference Code 參考編號: F46888EC



HCA 57 / 2020

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

ACTION NO. 57 OF 2020

BETWEEN

RPB SA                Plaintiff
(a company incorporated in accordance with the laws of Argentina)

and

HONG KONG HRJ TRADE LIMITED       Defendant

---

### FINAL JUDGMENT

---

Dated the 22nd day of June 2020

Filed on the 22nd day of June 2020

**Tanner De Witt**
Solicitors for the Plaintiff
17th Floor, Tower One
Lippo Centre
89 Queensway
Hong Kong

Tel: 2573 5000
Fax: 2802 3553

(Ref: 2000002/JHL/FNWL)

2000002_295

EXHIBIT X

HCA 150 / 2020

## IN THE HIGH COURT OF THE

## HONG KONG SPECIAL ADMINISTRATIVE REGION

## COURT OF FIRST INSTANCE

## ACTION NO. 150 OF 2020

BETWEEN

|  |  |
|---|---|
| RPB SA<br>(a company incorporated in accordance<br>with the laws of Argentina) | Plaintiff |
| and |  |
| XINWANGYI TRADE LIMITED | 1st Defendant |
| JINGTING TEXTILE TRADING LIMITED | 2nd Defendant |
| ZHANG JUAN | 3rd Defendant |
| AG INTERPACIFIC RESOURCES LIMITED | 4th Defendant |
| DAYE INTERNATIONAL TRADING CO., LIMITED | 5th Defendant |
| LI JING | 6th Defendant |
| FELS TRADE LIMITED | 7th Defendant |
| DHUAI TRADE LIMITED | 8th Defendant |
| WEIDE INDUSTRIAL (HONG KONG) CO., LIMITED | 9th Defendant |
| YU CHEN | 10th Defendant |
| LOYALTY TRADING COMPANY LIMITED | 11th Defendant |
| WEI SHUAI | 12th Defendant |
| XINX INDUSTRIAL LIMITED | 13th Defendant |
| DAHUA TECHNOLOGY (HK) LIMITED | 14th Defendant |
| CHINA GOLD CAPITAL RESOURCES LIMITED | 15th Defendant |
| HONGYIDA TRADE LIMITED | 16th Defendant |
| XIANGXIN INTERNATIONAL TRADING LIMITED | 17th Defendant |
| LIU GUISHAN | 18th Defendant |
| TIN LOONG TELECOM COMPANY LIMITED | 19th Defendant |

## FINAL JUDGMENT

### The 27th day of August 2020

No notice of intention to defend having been given by the 2nd, 5th, 13th, 16th and 17th Defendants herein, and the Plaintiff having abandoned its claims against the 2nd, 5th, 13th, 16th and 17th Defendants as sought in prayers (2), (3), (5), (6), (7), (8) and (11) of the Amended Indorsement of Claim, IT IS THIS DAY ADJUDGED that:-

1.   The 2nd Defendant do pay the Plaintiff the sum of USD1,857,000.00 (or its Hong Kong dollars equivalent at the time of payment) together with interest thereon at the rate of 8.084% per annum from 12 February 2020 to 31 March 2020 and at the rate of 8.000%

*This Apostille only certifies the authenticity of the signature and the capacity of the person who has signed the public document, and, where appropriate, the identity of the seal or stamp which the public document bears. This Apostille does not certify the content of the document for which it was issued. To verify the issuance of this Apostille, see "https://www.judiciary.hk/en/court_services_facilities/apostille_verification.html"*

此項文件加簽僅就公共文件上簽署的真確性、簽署人的身分及，如適用的話，文件上的蓋章蓋印予以證明。此項文件加簽並不就文件的內容作出證明。致發出此文件加簽之查證，見 *"https://www.judiciary.hk/zh/court_services_facilities/apostille_verification.html"*

| | APOSTILLE (Convention de La Haye du 5 octobre 1961) | | | |
|---|---|---|---|---|
| 1. | Country:<br>國家/地區 | Hong Kong, China<br>中國香港 | | |
| | This public document<br>此公共文件 | | | |
| 2. | has been signed by<br>簽署人為 | Kwang Simon<br>鄺卓宏 | | |
| 3. | acting in the capacity of<br>其行事的身分為 | Registrar, High Court<br>高等法院司法常務官 | | |
| 4. | bears the seal / stamp of<br>蓋有的蓋章/蓋印 | The High Court Hong Kong<br>香港高等法院 | | |
| | | Certified<br>加簽證明 | | |
| 5. | at<br>在 | High Court<br>高等法院 | 6. the<br>於 | 12 OCT 2020<br>2020 年 10 月 12 日 |
| 7. | by<br>由 | Simon KWANG<br>Registrar, High Court<br>鄺卓宏<br>高等法院司法常務官 | | |
| 8. | No<br>編號 | 43649 / 2020 | | |
| 9. | Seal / stamp:<br>蓋章/蓋印 | | 10. Signature:<br>簽署 | |

Reference Code 參考編號: 08805E81

per annum from 1 April 2020 to the date hereof and thereafter at judgment rate until payment;

2.   The 5th Defendant do pay the Plaintiff the sum of USD153,000.00 (or its Hong Kong dollars equivalent at the time of payment) together with interest thereon at the rate of 8.084% per annum from 12 February 2020 to 31 March 2020 and at the rate of 8.000% per annum from 1 April 2020 to the date hereof and thereafter at judgment rate until payment;

3.   The 13th Defendant do pay the Plaintiff the sum of USD100,000.00 (or its Hong Kong dollars equivalent at the time of payment) together with interest thereon at the rate of 8.084% per annum from 12 February 2020 to 31 March 2020 and at the rate of 8.000% per annum from 1 April 2020 to the date hereof and thereafter at judgment rate until payment;

4.   The 16th Defendant do pay the Plaintiff the sum of USD135,370.00 (or its Hong Kong dollars equivalent at the time of payment) together with interest thereon at the rate of 8.084% per annum from 12 February 2020 to 31 March 2020 and at the rate of 8.000% per annum from 1 April 2020 to the date hereof and thereafter at judgment rate until payment;

5.   The 17th Defendant do pay the Plaintiff the sum of USD100,000.00 (or its Hong Kong dollars equivalent at the time of payment) together with interest thereon at the rate of 8.084% per annum from 12 February 2020 to 31 March 2020 and at the rate of 8.000% per annum from 1 April 2020 to the date hereof and thereafter at judgment rate until payment; and

6.   HK$13,045.00 fixed costs.

Registrar

HCA 150 / 2020

## IN THE HIGH COURT OF THE
## HONG KONG SPECIAL ADMINISTRATIVE REGION
## COURT OF FIRST INSTANCE
## ACTION NO. 150 OF 2020

———————

BETWEEN

|  |  |
|---|---|
| RPB SA | Plaintiff |
| (a company incorporated in accordance with the laws of Argentina) | |

and

| | |
|---|---|
| XINWANGYI TRADE LIMITED | 1st Defendant |
| JINGTING TEXTILE TRADING LIMITED | 2nd Defendant |
| ZHANG JUAN | 3rd Defendant |
| AG INTERPACIFIC RESOURCES LIMITED | 4th Defendant |
| DAYE INTERNATIONAL TRADING CO., LIMITED | 5th Defendant |
| LI JING | 6th Defendant |
| FELS TRADE LIMITED | 7th Defendant |
| DHUAI TRADE LIMITED | 8th Defendant |
| WEIDE INDUSTRIAL (HONG KONG) CO., LIMITED | 9th Defendant |
| YU CHEN | 10th Defendant |
| LOYALTY TRADING COMPANY LIMITED | 11th Defendant |
| WEI SHUAI | 12th Defendant |
| XINX INDUSTRIAL LIMITED | 13th Defendant |
| DAHUA TECHNOLOGY (HK) LIMITED | 14th Defendant |
| CHINA GOLD CAPITAL RESOURCES LIMITED | 15th Defendant |
| HONGYIDA TRADE LIMITED | 16th Defendant |
| XIANGXIN INTERNATIONAL TRADING LIMITED | 17th Defendant |
| LIU GUISHAN | 18th Defendant |
| TIN LOONG TELECOM COMPANY LIMITED | 19th Defendant |

———————

## FINAL JUDGMENT

Dated the 27th day of August 2020
Filed on the 27th day of August 2020

**Tanner De Witt**
Solicitors for the Plaintiff
17th Floor, Tower One
Lippo Centre
89 Queensway
Hong Kong

Tel: 2573 5000      Fax: 2802 3553

(Ref: 2000002/JHL/FNWL)

2000002_695